**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

# FILED

JAN 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>IVAN SOTO-BARRAZA,<br><br>Defendant-Appellant. | No. 15-10586<br><br>D.C. No.<br>4:11-cr-00150-DCB-BPV-3<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JESUS LIONEL SANCHEZ-MEZA,<br>AKA Leonel Meza-Portillo, AKA Lionel<br>Meza-Portillo, AKA Leonel Portillo-Meza,<br>AKA Lionel Portillo-Meza, AKA Jesus<br>Leonel Sanchez-Meza,<br><br>Defendant-Appellant. | No. 15-10589<br><br>D.C. No.<br>4:11-cr-00150-DCB-BPV-5 |

Appeal from the United States District Court
for the District of Arizona

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

David C. Bury, District Judge, Presiding

Argued and Submitted October 17, 2017
Submission Vacated January 24, 2018
Resubmitted January 17, 2020
San Francisco, California

Before:  IKUTA and HURWITZ, Circuit Judges, and MCSHANE,[**] District Judge.

Ivan Soto-Barraza and Jesus Lionel Sanchez-Meza appeal their convictions for first-degree murder, conspiracy to commit robbery, attempted robbery, assault on a U.S. Border Patrol Agent, and carrying and discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(3).  The district court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.  For the reasons below and in a concurrently-filed opinion, ___ F. 3d. ___ (9th Cir. 2018), we vacate defendants' convictions for carrying and discharging a firearm under Count 9 and affirm in all other respects.

1. We accept the government's concession that conspiracy to commit Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3) in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague).  Therefore, we

_____

[**]     The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

vacate defendants' convictions for carrying and discharging a firearm in furtherance of a crime of violence.

2. The district court did not abuse its discretion in denying defendants' first request for a ballistics expert and their request for a computer expert. *See United States v. Pete*, 819 F.3d 1121, 1130 (9th Cir. 2016). Neither expert was necessary to the defense, nor did the defendants show that the lack of the requested experts was prejudicial. *See id.* Soto-Barraza was able to present evidence in support of his motion for change of venue without expert testimony, and the district court sufficiently managed publicity concerns through the use of voir dire. Moreover, the district court approved the defendants' second request for a ballistics expert, whom the defendants agreed was a suitable alternative.

3. The district court did not abuse its discretion by denying defendants' request to use a pre-screening questionnaire of potential jurors. *See United States v. Howell*, 231 F.3d 615, 627 (9th Cir. 2000). The district court reasonably concluded that a questionnaire might stimulate inquiry into the case, rather than identify unbiased jurors. Likewise, the district court did not abuse its discretion by advising the jury that the death penalty was not at issue, because "the realistic chance that it had any undue effect on the jury verdict is very remote." *See United States v. Steel*, 759 F.2d 706, 711 (9th Cir. 1985).

4. Nor did the court abuse its discretion by instructing the jury that narcotics trafficking satisfied the Hobbs Act's interstate commerce requirement. *See Taylor v. United States*, 136 S. Ct. 2074, 2080 (2016). Because defendants conceded their guilt to the conspiracy charge, they cannot now challenge the lack of an interstate commerce requirement on Count 3. *See Soto-Barraza v. United States*, ___ F.3d ___, ____ (9th Cir. 2020); *United States v. Brooks*, 508 F.3d 1205, 1208 (9th Cir. 2007).

5. The district court did not abuse its discretion in denying defendants' motion to sever. *See United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008). In any event, defendants waived their appeal of the denial because they did not renew the motions at the close of evidence. *See id.* Nor was *Bruton v. United States*, 391 U.S. 123 (1968), violated because (1) the government introduced each defendant's confessions only through testimony that did not facially incriminate the co-defendant, and (2) each confession included a limiting instruction, *see Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

6. We reject defendants' arguments about prosecutorial misconduct during closing argument.[1] The prosecutor did not improperly disparage the defense when he referred to the defense theory as "absurd," and "trickery." *See United States v. Ruiz*, 710 F.3d 1077, 1086 (9th Cir. 2013). Similarly, the government did not improperly vouch for a witness by stating that the government produced only "factual" evidence and witnesses who were "sworn to tell the truth," because the government did not put its own credibility or prestige behind the witnesses. *See id.*

7. We also affirm the district court's denial of Sanchez-Meza's motion to suppress. The district court did not clearly err in finding the interviewing FBI agent to be more credible than Sanchez-Meza with respect to his allegations of abuse by Mexican authorities. *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1259 (9th Cir. 2005). The district court correctly noted discrepancies in Sanchez-Meza's testimony, and Sanchez-Meza testified that the FBI agents treated him well. Therefore, the district court did not err in concluding that the "totality of the circumstances" showed voluntariness. *See United States v. Crawford*, 372 F.3d 1048, 1060 (9th Cir. 2004) (en banc).

---

[1] We review this claim for plain error because there were no objections to the relevant statements during closing argument. *United States v. Weatherspoon*, 410 F.3d 1142, 1150–51 (9th Cir. 2005).

8. Finally, we affirm defendants' remaining sentences. Any error in imposing the official-victim enhancement was harmless because each defendant would have a total offense level of 43 under the Guidelines regardless of the enhancement. *See* U.S. Sentencing Guidelines Manual, § 5A, App. n.2. (U.S. Sentencing Comm'n 2016) ("An offense level of more than 43 is to be treated as an offense level of 43."). Similarly, we reject defendants' claim that the district court erred by failing to "avoid unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), between their life sentences and the lesser sentences imposed on their co-defendants. The co-defendants cooperated with the government, and a sentencing disparity based on cooperation is reasonable. *See United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013).

**AFFIRMED IN PART AND VACATED IN PART**

6